1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    TANYA McDANIEL,                           No.  2:15-cv-0828 GEB CKD PS

12              Plaintiff,

13         v.                                    ORDER

14    THE SECRETARIAT, et al.,

15              Defendant.

16

17         Plaintiff is proceeding in this action pro se.  Plaintiff has requested authority pursuant to

18   28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by

19   Local Rule 302(c)(21).

20         Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable

21   to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma

22   pauperis will be granted.  28 U.S.C. § 1915(a).

23         The federal in forma pauperis statute authorizes federal courts to dismiss a case if the

24   action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

25   or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

26   § 1915(e)(2).

27         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

28   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1    Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3    490 U.S. at 327.

4         In order to avoid dismissal for failure to state a claim a complaint must contain more than

5    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

6    of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

7    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

8    statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

9    upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

10   claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

11   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

12   at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

13   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

14   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

15   U.S. 232, 236 (1974).

16        The court finds the allegations in plaintiff's complaint so vague and conclusory that it is

17   unable to determine whether the current action is frivolous or fails to state a claim for relief.  The

18   court has determined that the complaint does not contain a short and plain statement as required

19   by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a

20   complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones

21   v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at

22   least some degree of particularity overt acts which defendants engaged in that support plaintiff's

23   claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2),

24   the complaint must be dismissed.  The court will, however, grant leave to file an amended

25   complaint.

26        If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional

27   grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a).

28   Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation

1    of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

2         The Civil Rights Act under which this action was filed provides as follows:

3              Every person who, under color of [state law] . . . subjects, or causes
              to be subjected, any citizen of the United States . . . to the
4              deprivation of any rights, privileges, or immunities secured by the
              Constitution . . . shall be liable to the party injured in an action at
5              law, suit in equity, or other proper proceeding for redress.

6    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

7    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

8    Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

9    (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

10   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

11   omits to perform an act which he is legally required to do that causes the deprivation of which

12   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

13        To state a claim under section 1983, a plaintiff must allege that:  (1) defendant was acting

14   under color of state law at the time the complained of act was committed; and (2) defendant's

15   conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws

16   of the United States.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988).  In this case,

17   plaintiff alleges claims only against private entities; there are no allegations which would support

18   a finding that these individuals were state actors for purposes of liability under section 1983.

19        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

20   make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

21   complaint be complete in itself without reference to any prior pleading.  This is because, as a

22   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

23   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

24   longer serves any function in the case.  Therefore, in an amended complaint, as in an

25   original complaint, each claim and the involvement of each defendant must be sufficiently

26   alleged.

27   /////

28   /////

3

1    In accordance with the above, IT IS HEREBY ORDERED that:

2        1.  Plaintiff's request to proceed in forma pauperis (ECF Nos. 2, 6) is granted;

3        2.  Plaintiff's complaint is dismissed; and

4        3.  Plaintiff is granted thirty days from the date of service of this order to file an amended

5    complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the

6    Local Rules of Practice; the amended complaint must bear the docket number assigned this case

7    and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the

8    amended complaint; failure to file an amended complaint in accordance with this order will result

9    in a recommendation that this action be dismissed.

10   Dated:  May 5, 2015

11                                          _____
                                            CAROLYN K. DELANEY
12                                          UNITED STATES MAGISTRATE JUDGE

13

14   4 mcdaniel.ifp-lta

4