1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TANYA McDANIEL,                          No.  2:15-cv-0828 GEB CKD PS

12            Plaintiff,

13       v.                                    ORDER

14   THE SECRETARIAT, et al.,

15            Defendant.

16

17        Plaintiff is proceeding in this action pro se and in forma pauperis.  Plaintiff has filed an

18   amended complaint.  Concurrent with the filing of the amended complaint, plaintiff filed a motion

19   to amend the complaint.  Because the court had previously granted leave to file an amended

20   complaint, plaintiff's motion will be denied as moot.

21        The federal in forma pauperis statute authorizes federal courts to dismiss a case if the

22   action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted,

23   or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

24   § 1915(e)(2).

25        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

27   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

28   /////

                                            1

1    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

2    490 U.S. at 327.

3         In order to avoid dismissal for failure to state a claim a complaint must contain more than

4    "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

5    of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

6    "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

7    statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim

8    upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

9    claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

10   the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct.

11   at 1949.  When considering whether a complaint states a claim upon which relief can be granted,

12   the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

13   and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

14   U.S. 232, 236 (1974).

15        The court finds the allegations in plaintiff's amended complaint so vague and conclusory

16   that it is unable to determine whether the current action is frivolous or fails to state a claim for

17   relief.  The court has determined that the complaint does not contain a short and plain statement

18   as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

19   policy, a complaint must give fair notice and state the elements of the claim plainly and

20   succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

21   must allege with at least some degree of particularity overt acts which defendants engaged in that

22   support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed.

23   R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file

24   an amended complaint.

25        If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional

26   grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a).

27   Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation

28   of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

1    The Civil Rights Act under which this action was filed provides as follows:

2            Every person who, under color of [state law] . . . subjects, or causes
             to be subjected, any citizen of the United States . . . to the
3            deprivation of any rights, privileges, or immunities secured by the
             Constitution . . . shall be liable to the party injured in an action at
4            law, suit in equity, or other proper proceeding for redress.

5    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

6    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

7    Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

8    (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

9    meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

10   omits to perform an act which he is legally required to do that causes the deprivation of which

11   complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

12       To state a claim under section 1983, a plaintiff must allege that:  (1) defendant was acting

13   under color of state law at the time the complained of act was committed; and (2) defendant's

14   conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws

15   of the United States.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988).  In this case,

16   plaintiff alleges claims only against private entities; there are no allegations which would support

17   a finding that these individuals were state actors for purposes of liability under section 1983.  In

18   the previous order dismissing plaintiff's original complaint, the court advised plaintiff of this

19   deficiency.  The amended complaint fails to cure this deficiency.  Plaintiff is advised that if a

20   second amended complaint is filed and does not properly allege, within the strictures of Federal

21   Rule of Civil Procedure 11, that defendants are state actors subject to liability under section 1983,

22   the court will recommend that the action be dismissed.

23       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

24   make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

25   complaint be complete in itself without reference to any prior pleading.  This is because, as a

26   general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

27   F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

28   longer serves any function in the case.  Therefore, in an amended complaint, as in an

1   original complaint, each claim and the involvement of each defendant must be sufficiently

2   alleged.

3          In accordance with the above, IT IS HEREBY ORDERED that:

4          1.  Plaintiff's motion to amend the complaint (ECF No. 8) is denied as moot;

5          2.  Plaintiff's amended complaint is dismissed; and

6          3.  Plaintiff is granted thirty days from the date of service of this order to file a second

7   amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,

8   and the Local Rules of Practice; the second amended complaint must bear the docket number

9   assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an

10  original and two copies of the second amended complaint; failure to file a second amended

11  complaint in accordance with this order will result in a recommendation that this action be

12  dismissed.

13  Dated:  June 16, 2015

14                                        _____
                                          CAROLYN K. DELANEY
15                                        UNITED STATES MAGISTRATE JUDGE

16  4 mcdaniel0828.lta2

17

18

19

20

21

22

23

24

25

26

27

28