UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA McDANIEL,<br><br>                    Plaintiff,<br><br>        v.<br><br>THE SECRETARIAT, et al.,<br><br>                    Defendants. | No.  2:15-cv-0828 GEB CKD PS<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is proceeding in this action pro se and in forma pauperis.  Plaintiff has filed a second amended complaint.[1]

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

---

[1] Concurrent with the filing of the second amended complaint, plaintiff also filed a motion to amend.  In light of the court's prior order granting leave to amend, plaintiff's motion will be denied as moot.

1

1  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
2  490 U.S. at 327.

3       In order to avoid dismissal for failure to state a claim a complaint must contain more than
4  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
5  of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
6  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
7  statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
8  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
9  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
10 the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct.
11 at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
12 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
13 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
14 U.S. 232, 236 (1974).

15      Plaintiff has now filed three complaints in this action.  Plaintiff alleges a variety of claims
16 against private individuals arising out of a receipt by plaintiff of an email discussing weight loss.
17 Plaintiff claims defendants violated her civil rights.  Plaintiff was previously advised of the
18 standards for stating a claim under 42 U.S.C. § 1983 and in particular that plaintiff must allege
19 that defendants were acting under color of state law at the time the complained of act was
20 committed.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988).  The second amended
21 complaint does not cure the pleading deficiencies evident in the original complaint or the first
22 amended complaint.  Plaintiff was previously warned that if a second amended complaint did not
23 properly allege that defendants are state actors subject to liability under section 1983, the court
24 would recommend that the action be dismissed.  In the amended complaint, plaintiff's only basis
25 for claiming that defendants are state actors is that some of defendant's customers are
26 governmental agencies.  These allegations are insufficient to state a claim pursuant to section
27 1983.  Despite repeated opportunities to cure the deficiencies in his complaints, plaintiff has
28 failed to do so.  Moreover, it appears that further amendment would be futile.

1   Accordingly, IT IS HEREBY ORDERED THAT plaintiff's motion to amend (ECF No. 10) is denied as moot; and

IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 23, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 mcdaniel0828.57